UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
--------------------------------------------------------------------------------

| | | |
|---|---|---|
| KYLE HOLBROOK, K H DESIGN LLC and MLK MURAL, | : | |
| | : | **COMPLAINT** |
| Plaintiffs, | : | |
| | : | **JURY TRIAL** |
| -against- | : | **DEMANDED** |
| | : | |
| CITY OF PITTSBURGH, NORFOLK SOUTHERN RAIL | : | |
| WAY, INC., PORT AUTHORITY OF ALLEGHENY COUNTY, | : | |
| BOROUGH OF WILKINSBURG, MOSITES 400 HIGH | : | |
| TOWER COMPANY, MOSITES 400 HT, LLC, MOSITES 500 | : | |
| HIGH TOWER COMPANY, MOSITES 600 HIGH TOWER | : | |
| COMPANY, MOSITES CENTURY SQUARE, MOSITES | : | |
| CONSTRUCTION CO., MOSITES CONSTRUCTION | : | |
| COMPANY, MOSITES DEVELOPMENT COMPANY, | : | |
| MOSITES HIGH TOWER COMPANY, MOSITES | : | |
| MOTORSPORTS, MOSITES MOTORSPORTS ECOMMERCE, | : | |
| LLC, MOSITES MOTORSPORTS LLC, MOSITES | : | |
| MOTORSPORTS LLC D/B/A PITTSBURGH SCOOTER | : | |
| COMPANY, MOSITES MOTORSPORTS TRIUMPH, MOSITES | : | |
| NABRU, LLC, MOSITES OAKDALE GENERAL | : | |
| PARTNERSHIP, MOSITES OLD MILL, LLC, MOSITES PARK | : | |
| WEST ASSOCIATES, MOSITES PROPERTIES, LTD, | : | |
| MOSITES PWA, LLC, MOSITES WASHINGTON, LTD, | : | |
| MOSITES-BUTLER L.P., MOSITES-BUTLER, LLC, MOSITES | : | |
| JOHNSTOWN PARTNERSHIP, THE MOSITES COMPANY, | : | |
| THE MOSITES COMPANY, INC., EAST LIBERTY | : | |
| DEVELOPMENT, INC., EAST LIBERTY DEVELOPMENT | : | |
| FUND, WALNUT CAPITAL DEVELOPMENT, INC., KBK | : | |
| ENTERPRESES, LLC, MCCORMACK BARON SALAZAR, | : | |
| INC., MCCORMACK BARON MANAGEMENT, INC., | : | |
| HOUSING AUTHORITY OF THE CITY OF PITTSBURGH, | : | |
| URBAN REDEVELOPMENT AUTHORITHY OF PITTSBURG, | : | |
| URBAN REDEVELOPMENT CORPORATION, URBAN | : | |
| REDEVELOPMENT ENTERPRISE LLC, STO-ROX FAMILY | : | |
| HEALTH CENTER, STO-ROX NEIGHBORHOOD HEALTH | : | |
| COUNCIL, INC., MUKHLESS MUSTAFA, FAULKNER+ | : | |
| LOCKE, INC., FAULKNER LOCKE VENTURES LLC., | : | |
| COMMONWEALTH PENNSYLVANIA DEPARTMENT OF | : | |
| TRANSPORTATION and ALLEGHENY COUNTY, | : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------------------------

Plaintiffs, by and through their undersigned counsel, EISENBERG & BAUM, LLP, to be admitted *pro hac vice*, and, THOMAS A WILL & ASSOCIATES, as and for their Complaint against Defendants, hereby allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff Kyle Holbrook is a world-famous muralist who has installed more than three hundred beloved works of art in and around the streets of Pittsburgh, Pennsylvania, working in conjunction with various governmental agencies.

2.      Through his companies K H Design and MLK Mural, Plaintiff Holbrook raises funds to support a team of artists who install artworks he has designed for the purpose of beautifying and transforming blighted inner-city neighborhoods.

3.      The artworks are dedicated to important social issues and receive widespread coverage in the news media and strong support from the communities that surround them.

4.      Plaintiff Holbrook, in selfless acts of public service, takes pains to involve local community youth in the creation of the artwork, so that each piece is truly a part of the community where it resides.

5.      Per agreement with municipal agencies and property owners, the works of art are permanently installed, owned, and maintained by Plaintiff Holbrook and his team of professionals.

6.      Violating these agreements, various property owners and city officials, after taking the benefit of Plaintiff Holbrook's artistic efforts and without any form of notice to him, proceeded to destroy eight of the artworks he installed in Pittsburgh in a manner that was highly damaging to his artistic reputation.

## NATURE OF THE CLAIMS

5.      Plaintiffs seek declaratory, injunctive, and equitable relief, monetary damages, and attorneys' fees to redress Defendants' unlawful destruction of their works of art in violation of the Visual Artists Rights Act, 17 U.S.C. §106A *et seq.* ("VARA").

6.      Plaintiffs also assert tort and contract claims pursuant to the common law.

## THE PARTIES

7.      Plaintiff KYLE HOLBROOK ("Plaintiff Holbrook") is a professional artist and resides at 11122 Frankstown Road, Pittsburgh, Pennsylvania 15235. Plaintiff Holbrook is the "author of a work of visual art" within the meaning of 17 U.S.C §106A.

8.      Plaintiff K H DESIGN LLC is a limited liability company with an office and a principal place of business at 7008 Bennett Street, Pittsburgh, Pennsylvania 15208.

9.      Plaintiff MLK MURAL is a nonprofit organization with an office and principal place of operation at 7008 Bennett Street, Pittsburgh, Pennsylvania 15208.

10.     Defendant CITY OF PITTSBURGH is a government entity with an office and principal place of operation at 414 Grant Street, Suite 313, Pittsburgh, Pennsylvania 15219 ("the City").

11.     Defendant NORFOLK SOUTHERN RAILWAY, INC. is a business corporation with an office and principal place of business at 3 Commercial Place, Norfolk, Virginia 23510 ("Norfolk Southern").

12.     Defendant PORT AUTHORITY OF ALLEGHENY COUNTY is a state agency with an office and principal place of business operation at 345 Sixth Avenue, 3rd Floor, Pittsburgh, Pennsylvania 15222 ("Port Authority").

13.     Defendant BOROUGH OF WILKINSBURG is a government entity with an office and principal place of operation at 605 Ross Avenue, Wilkinsburg, Pennsylvania 15221, ("Wilkinsburg").

14.     Defendant MOSITES 400 HIGH TOWER COMPANY is a limited liability company with an office and principal place of operation at 400 Mosites Way, Suite 100, Pittsburgh, Pennsylvania 15205.

15.     Defendant MOSITES 400 HT, LLC is a limited partnership with an office and principal place of operation at 400 Mosites Way, Suite 100, Pittsburgh, Pennsylvania 15205.

16.     Defendant MOSITES 500 HIGH TOWER COMPANY is a limited partnership with an office and principal place of operation at 400 Mosites Way, Suite 100, Pittsburgh, Pennsylvania 15205.

17.     Defendant MOSITES 600 HIGH TOWER COMPANY is a limited partnership with an office and principal place of operation at 400 Mosites Way, Suite 100, Pittsburgh, Pennsylvania 15205.

18.     Defendant MOSITES CENTURY SQUARE is a limited partnership with an office and principal place of operation at 4839 Campbells Run Road, Pittsburgh, Pennsylvania 15205.

19.     Defendant MOSITES CONSTRUCTION CO. is a company with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

20.     Defendant MOSITES CONSTRUCTION COMPANY is a business corporation with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

21.     Defendant MOSITES DEVELOPMENT COMPANY is a business corporation with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

22.     Defendant MOSITES HIGH TOWER COMPANY is a limited partnership with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

23.     Defendant MOSITES MOTORSPORTS is a company with an office and principal place of operation at 12671 Route 30 North, Huntingdon, Pennsylvania 15642.

24.     Defendant MOSITES MOTORSPORTS ECOMMERCE, LLC is a limited liability company with an office and principal place of operation at 1207 Fifth Ave, Pittsburgh, Pennsylvania 15219.

25.     Defendant MOSITES MOTORSPORTS LLC is a limited liability company with an office and principal place of operation at 12671 Route 30 North, Huntingdon, Pennsylvania 15642.

26.     Defendant MOSITES MOTORSPORTS LLC D/B/A PITTSBURGH SCOOTER COMPANY is a company with an office and principal place of operation at 12671 Route 30 North, Huntingdon, Pennsylvania 15642.

27.     Defendant MOSITES MOTORSPORTS TRIUMPH is a company with an office and principal place of operation at 12671 Route 30 North, Huntingdon, Pennsylvania 15642.

28.     Defendant MOSITES NABRU, LLC is a limited liability company with an office and principal place of operation at 12671 Route 30 North, Huntingdon, Pennsylvania 15642.

29.     Defendant MOSITES OAKDALE GENERAL PARTNERSHIP is a company with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

30.     Defendant MOSITES OLD MILL, LLC is a limited liability company with an office and principal place of operation at 4839 Campbells Run Road, Pittsburgh, Pennsylvania 15205.

31.     Defendant MOSITES PARK WEST ASSOCIATES is a limited partnership with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

32.     Defendant MOSITES PROPERTIES, LTD is a limited partnership with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

33.     Defendant MOSITES PWA, LLC is a limited liability company with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

34.     Defendant MOSITES WASHINGTON, LTD is a limited partnership with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

35.     Defendant MOSITES-BUTLER L.P. is a limited partnership with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

36.     Defendant MOSITES-BUTLER, LLC is a limited liability company with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

37.     Defendant MOSITES JOHNSTOWN PARTNERSHIP is a company with an office and principal place of operation at 400 Mosites Way, Pittsburgh, Pennsylvania 15205.

38.     Defendant THE MOSITES COMPANY is a company with an office and principal place of operation at 535 Smithfield Street, Suite 715, Pittsburgh, Pennsylvania 15222.

39.     Defendant THE MOSITES COMPANY, INC. is a business corporation with an office and principal place of operation at 535 Smithfield Street, Suite 715, Pittsburgh, Pennsylvania 15222.

40.     The Defendants presented in paragraphs 14 through 39 are to be collectively referred to as "Mosites."

41.     Defendant EAST LIBERTY DEVELOPMENT, INC. is a nonprofit organization with an office and principal place of operation at 6101 Penn Avenue, Pittsburgh, Pennsylvania 15206 ("East Liberty Development").

42.     Defendant EAST LIBERTY DEVELOPMENT FUND is a nonprofit organization with an office and principal place of operation at 6907 Penn Avenue, Pittsburgh, Pennsylvania 15206 ("East Liberty Development").

43.     Defendant WALNUT CAPITAL DEVELOPMENT, INC. is a business corporation with an office and principal place of business operation at 5500 Walnut Street, Suite 300, Pittsburgh, Pennsylvania 15232 ("Walnut Capital").

44.     Defendant KBK ENTERPRISES, LLC is a limited liability company with an office and principal place of business operation at Spring Brook Road, P.O. Box 141, Analomink, Pennsylvania 18320 ("KBK").

45.     Defendant MCCORMACK BARON SALAZAR, INC. is a business corporation with an office and principal place of business operation at 720 Olive Street, Suite 2500, St. Louis, MO 63101 ("McCormack Baron").

46.     Defendant MCCORMACK BARON MANAGEMENT, INC. is a business corporation with an office and principal place of business operation at 720 Olive Street, Suite 2500, St. Louis, MO 63101 ("McCormack Baron").

47.     Defendant HOUSING AUTHORITY OF THE CITY OF PITTSBURGH is a housing authority with an office and principal place of operation at 200 Ross Street, Pittsburgh, Pennsylvania 15219 ("Housing Authority of Pittsburgh")

48.     Defendant URBAN REDEVELOPMENT AUTHORITHY OF PITTSBURG is a redevelopment authority with an office and principal place of operation at 200 Ross Street, Pittsburgh, Pennsylvania 15219 ("Urban Redevelopment").

49.     Defendant URBAN REDEVELOPMENT CORPORATION is a nonprofit organization with an office and principal place of operation at 7325 Malvern Street, Philadelphia, Pennsylvania 19125 ("Urban Redevelopment").

50.     Defendant URBAN REDEVELOPMENT ENTERPRISE LLC is a limited liability company with an office and principal place of operation at 280 Seneca Street, Turtle Creek, Pennsylvania 15145 ("Urban Redevelopment").

51.     Defendant STO-ROX FAMILY HEALTH CENTER is a health center with an office and principal place of operation at 710 Thompson Avenue, McKees Rocks, Pennsylvania 15136 ("Sto-Rox").

52.     Defendant STO-ROX NEIGHBORHOOD HEALTH COUNCIL, INC. is a nonprofit organization with an office and principal place of operation at 710 Thompson Avenue, McKees Rocks, Pennsylvania 15136 ("Sto-Rox").

53.     Defendant MUKHLESS MUSTAFA is an individual who upon information and belief resides in Allegheny County, Pennsylvania, and doing business as "The Hanini Market and Subs."

54.     Defendant FAULKNER+LOCKE, INC. is a business corporation with an office and principal place of operation at 1731 Commerce Drive, NW, Suite 114, Atlanta, Georgia 30318 ("Faulkner Locke").

55.     Defendant FAULKNER LOCKE VENTURES LLC is a limited liability company with an office and principal place of operation at 1731 Commerce Drive, NW, Suite 114, Atlanta, Georgia 30318 ("Faulkner Locke").

56.     Defendant COMMONWEALTH PENNSYLVANIA DEPARTMENT OF TRANSPORTATION is a public entity with an office and principal place of operation at 1101 S. Front Street, Harrisburg, Pennsylvania 17104 ("PennDOT").

57.     Defendant ALLEGHENY COUNTY is a political subdivision of the State of Pennsylvania with an office and principal place of operation at 1 Smithfield Street, Pittsburgh, Pennsylvania 15222 ("Allegheny").

## JURISDICTION AND VENUE

58.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that this civil rights action arises under federal law, *see* 29 U.S.C. § 621 et seq. The court has supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. §1367

and principles of pendent and/or ancillary jurisdiction.

59.     This court has *in personam* jurisdiction over Defendants because they own real property and conduct operations within, transact business in and provide services within the City of Pittsburgh, State of Pennsylvania.

60.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the events that give rise to the claim occurred in this district.

## BACKGROUND

**I.     The Agreement to Permanently Install Artwork in and Around Pittsburgh, Pennsylvania between Plaintiffs and Defendants**

61.     Plaintiff was engaged through the Hill House agency of the City of Pittsburgh to use grant funds to install murals in the various locations as set forth in this Complaint.

62.     The mural proposals were submitted and approved by the property owners. Plaintiff was to maintain and restore the murals.

63.     All tangible and intangible property, including copyrights, were to remain the property of the Plaintiff.  Defendants destroyed, defaced, and/or covered over Plaintiff's murals in a manner that was highly damaging to his artistic reputation.

64.     By destroying, defacing, and/or covering over Plaintiff's artwork, this was a direct breach of the duty owed to Plaintiff within the written Contract.  Plaintiff sustained damages as a result of the destruction of his artworks.  Plaintiff seeks damages from all Defendants involved as set forth further above in this Complaint.

65.     The property owners did not have the right to destroy these works of art without the permission of plaintiff.  These works of art were in conspicuous, high visibility, prominent locations.

66.     The property owners did not provide compensation, but did receive the benefit of the artwork.

9

## II.     The Works of Visual Art at Issue

67.     Plaintiff Holbrook's works of art were destroyed, distorted, mutilated and/or modified by the Defendants.

68.     The works of art installed by the Plaintiffs and wrongfully destroyed, distorted, mutilated and/or modified by the Defendants were as follows:

### a.     The Whitney Tunnel Project

69.     Plaintiffs installed a work of art titled "Tunnel of Hope" at the intersection of Pennwood and Whitney Avenues in Wilkinsburg Borough, Pennsylvania.

70.     Below are perspective images of the work in respect to their physical placement from left to right:

 

 

71.     The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants Port Authority, Norfolk Southern, Wilkinsburg, PennDOT, and Allegheny.

72.     Plaintiffs' work of visual art was installed in or about 2007.

73.     Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about 2017.

74.     Plaintiffs' work of visual art was installed with the permission of the Defendants.

75.     Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

76.     Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

77.     Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

**b.     The Ellsworth Avenue Project**

78.     Plaintiffs installed a work of art titled "Sounds of Community" on Ellsworth Avenue and Swope Street in East Liberty, Pennsylvania 15206.

79.     Below are perspective images of the work in respect to their physical placement from left to right:





80.     The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants Port Authority, Norfolk Southern, Mosites, City of Pittsburgh, Urban Redevelopment, Faulkner Locke, and PennDOT.

81.     Plaintiffs' work of visual art was installed in or about 2007.

82.     Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about the spring of 2015.

83.     Plaintiffs' work of visual art was installed with the permission of the Defendants.

84.     Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

85.     Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

86.     Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

**c.      The Penn Avenue Project**

87.     Plaintiffs installed a work of art titled "Community Faces Memorial" at the intersection of Penn and Shady Avenues in Pittsburgh, Pennsylvania.

88.     Below are images of the work:





89.     The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants Port Authority, Norfolk Southern, Mosites, Urban Redevelopment, and Faulkner Locke.

90.     Plaintiffs' work of visual art was installed in or about 2007.

91.     Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about the spring of 2015.

92.     Plaintiffs' work of visual art was installed with the permission of the Defendants.

93.     Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

94.     Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

95.     Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

**d.      The PNC Bank Project**

96.     Plaintiffs installed a work of art titled "Music, Art and Love" at 121 South Highland Avenue in Pittsburgh, Pennsylvania.

97.     Below is an image of the work:



98.     The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants East Liberty Development, Walnut Capital, and the City of Pittsburgh.

99.     Plaintiffs' work of visual art was installed in or about 2009.

100.    Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants upon information and belief in or about the spring of 2015.

101.    Plaintiffs' work of visual art was installed with the permission of the Defendants.

102.    Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

103.    Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

104.    Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

**e.    The Auburn Street Project**

105.    Plaintiffs installed a work of art titled "Community Growth" at the intersection of Larimer Avenue and Auburn Street in Pittsburgh, Pennsylvania.

106.    Below are perspective images of the work on multiple facades:

 

107.    The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants City of Pittsburgh, Housing Authority of Pittsburgh, KBK, and Urban Redevelopment.

108.    Plaintiffs' work of visual art was installed in or about 2009.

109.    Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about the summer of 2015.

15

110.    Plaintiffs' work of visual art was installed with the permission of the Defendants.

111.    Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

112.    Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

113.    Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

**f.      The Omega Place Project**

114.    Plaintiffs installed a work of art titled "The Green Mural" 170 Larimer Avenue at Omega Place in Pittsburgh, Pennsylvania 15206.

115.    Below are perspective images of the work on multiple facades:





116. The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants McCormack Baron, City of Pittsburgh, Urban Redevelopment, and Housing Authority of Pittsburgh.

117. Plaintiffs' work of visual art was installed in or about 2007.

118. Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about 2016.

119. Plaintiffs' work of visual art was installed with the permission of the Defendants.

120. Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

121. Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

122. Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

g. **The Sto-Rox Project**

123. Plaintiffs installed a work of art titled "Tobacco Free Allegheny" at 710 Thompson Avenue in McKees Rocks, Pennsylvania.

124. Below is an image of the work:



125.    The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendants City of Pittsburgh, Housing Authority of Pittsburgh, Sto-Rox, and Allegheny.

126.    Plaintiffs' work of visual art was installed in or about 2005.

127.    Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified by Defendants in or about the summer of 2016.

128.    Plaintiffs' work of visual art was installed with the permission of the Defendants.

129.    Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

130.    Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

131.    Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the defendant for any reason, including removal.

### h.    The Hanini Market and Hanini Subs Project

132.    Plaintiffs installed a work of art titled "Wilkinsburg Peace" at the intersection of Franklin and Swissvale Avenues in Wilkinsburg, Pennsylvania.

133.    Below is an image of the work:



134.    The aforementioned work of visual art was destroyed, distorted, mutilated and/or modified by Defendant Mustafa.

135.    Plaintiffs' work of visual art was installed in or about 2009.

136.    Plaintiffs' work of visual art was destroyed, distorted, mutilated and/or modified in or about the spring of 2018.

137.    Plaintiffs' work of visual art was installed with the permission of the Defendants.

138.    Plaintiffs' work of visual art was installed without any fixed period of duration and was intended to last indefinitely.

139.    Plaintiffs' work of visual art was a work of recognized stature. Plaintiff Holbrook is a prominent artist who has exhibited in numerous galleries and shows, and has been the subject of innumerable news articles and television interviews and his work was recognized as having stature by one or more experts, the art community and/or the general public.

140.    Plaintiffs' have not executed or signed a written instrument that specifies that installation of the aforementioned work may subject that work of visual art to destruction, distortion, mutilation, or other modification by the Defendant for any reason, including removal.

## AS AND FOR A FIRST CAUSE OF ACTION
### (VARA)

141.    Plaintiffs repeat and reiterate each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length

herein.

142.    The artwork described works of visual art within the meaning of 17 U.S.C. §101 and constitute copyrightable subject matter.

143.    The Plaintiffs herein created, and maintained all ownership and copyright interests in, works of visual art subject to the protection of VARA, and installed those works on Defendants' buildings with Defendants' permission.

144.    Without providing Plaintiffs with a reasonable opportunity to protect and preserve their artworks, Defendants destroyed, mutilated, modified and defaced the works of art installed by Plaintiffs, including each work of art listed by name herein and other works of art not specifically identified or described herein.

145.    Defendants did not provide Plaintiffs with notice in writing regarding their intent to destroy the artwork nor did they afford Plaintiffs, pursuant to 17 U.S. Code §113, a period of 90 days after receiving such notice either to remove the work or to pay for its removal.

146.    Plaintiffs' works of art are of recognized stature and requisite professional standing within the meaning of VARA, are therefore entitled to the statute's protection.  Their works were in high demand in the public marketplace, they attracted legions of admirers who visited them in situ, and the artists have high name recognition among the artistic community. The works are recognized by experts in the art field, by the artistic community and by the general public.

147.    None of the plaintiffs has executed a written agreement that specifies that the installation of any of their works of visual art at issue herein may subject those works to destruction, distortion, mutilation nor other modification.

148.    Plaintiffs incurred significant financial losses as a result of the wanton destruction of their valuable works of art.

149.    The destruction, distortion, mutilation, and/or modification of the work occurred

in a manner prejudicial to the plaintiffs' honor and/or reputation, and causing them substantial harm in this regard.

150.    Defendants' actions were willful, wanton and malicious.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

151.    Plaintiffs repeat and reiterate each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

152.    Defendants offered to permit Plaintiffs to install and display artwork in and around the City of Pittsburgh.

153.    Defendants guaranteed that Plaintiffs would be the owner of the images and their copyrights and guaranteed that they would not modify or destroy the artwork without Plaintiff's permission.

154.    Plaintiffs accepted and relied upon the offer of the defendants and expended significant resources to install the artworks.

155.    Defendants breached the agreement by modifying or destroying the artworks in question without Plaintiffs' permission.

156.    Plaintiffs incurred damages as a result of the Defendants' breach of their agreement.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Property Damage)

157.    Plaintiffs repeat and reiterate each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

158.    Defendants violated property rights held by Plaintiffs and destroyed artwork

belonging to them contrary to their wishes and without their permission.

159.    Defendants owed a duty to Plaintiffs not to destroy such property and negligently, recklessly and/or willfully breached that duty in destroying said property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

A) Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures are in violation of VARA;

B) Award such actual damages as will compensate Plaintiffs fully for their financial losses and for the damage to their honor and reputation and for their humiliation, mental anguish, embarrassment, stress and anxiety, loss of self-esteem, self-confidence, personal dignity, shock, emotional distress, inconvenience, emotion pain and suffering and any other physical and mental injuries Plaintiffs suffered due to Defendants improper conduct pursuant to VARA and the common law;

C) Award statutory damages to Plaintiffs pursuant to VARA;

D) Award compensatory and punitive damages to the plaintiffs pursuant to the common law;

E) Award reasonable costs and attorneys' fees pursuant to VARA;

F) Grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated:     April 27, 2018

EISENBERG & BAUM, LLP


By: _____/s/ *Eric M. Baum*_____
          Eric M. Baum, Esq. (to be admitted *pro hac vice*)
          Attorneys for Plaintiffs
          24 Union Square East, Fourth Floor
          New York, NY 10003
          (212) 353-8700


THOMAS A. WILL & ASSOCIATES


By: _____/s/ *Thomas A. Will*_____
          Thomas A. Will, Esq. (Attorney Id. No. 79842)
          Attorneys for Plaintiffs
          One Gateway Center, Suite 700
          420 Fort Duquesne Boulevard
          Pittsburgh, Pennsylvania 15222
          (412) 281-5110