UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW GRINAGE,<br><br>    Plaintiff,<br><br>v.<br><br>RMLS-HOP RESTAURANTS PA, L.P. d/b/a IHOP CORPORATION,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Matthew Grinage, by and through his attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000e *et seq*.

### II. Jurisdiction and Venue

2.  This action arises under Title VII. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4.  Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding his allegations under Title VII on September 15, 2017, under charge number 533-2017-01365. *See Exhibit 1*.

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on March 15, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6. Plaintiff, Matthew Grinage, is an adult individual with a primary residence located at 1302 Pine Ridge Drive, Oakdale, Allegheny County, Pennsylvania 15701.

7. Defendant, RMLA-HOP Restaurants PA, L.P. d/b/a IHOP Corporation, is a limited partnership located at 1048 N. 44th Street, Suite 210, Phoenix, Maricopa County, Arizona 85008. The location where Plaintiff worked was located at 1002 Sutherland Drive, Pittsburgh, Allegheny County, Pennsylvania 15205.

### IV. Facts

8. Plaintiff was hired by Defendant as a dishwasher/utility worker in 2014.

9. In December 2016, Brian, a cook, told Plaintiff that he needed to pray with other employees in a prayer group. Brian would tell Plaintiff that Plaintiff is going to hell because Plaintiff had been sick with cancer in the past.

10. Brian would express to Plaintiff that homosexual men are going to hell and that Plaintiff is "too soft," isn't a "real man," and that "real men are not quiet" like Plaintiff. Plaintiff is a bisexual man and believes that Brian thought he was a homosexual man.

11. Plaintiff informed Brian that IHOP is not a church and Plaintiff's job was to work and make money for the Defendant.

12.     Approximately 80% of Defendant's employees and managers pray every day in a prayer group. When Plaintiff would pass by the prayer group, he would be asked to join. Plaintiff denied every request.

13.     In January 2017, Plaintiff informed Leslie, a manager, that Brian and other employees were continually asking Plaintiff to pray.

14.     Leslie told Plaintiff that employees were allowed to pray at work, that he should join them, and stated, "Why are you always complaining about them praying? Because you are a good worker."

15.     Plaintiff then voiced his concerns to another manager, Mia, however, she did not provide assistance as she told Plaintiff she was leaving the company.

16.     In April 2017, Plaintiff was sent home by Brian's wife, a cook for Plaintiff, because "labor costs were too high."

17.     While Plaintiff was walking to his car, Leslie told him that he was being sent home because he does not pray with the prayer group and that if he did, the work environment would improve.

18.     Plaintiff told Leslie that he did not join the group because he did not believe in or agree with the issues Brian was preaching to a prayer group.

19.     The next workday, Plaintiff saw Leslie outside of the store and approached her to inform her that Brian's wife (and employee of Defendant) yelled at him the day before. Leslie responded by saying, "she [Brian's wife] is not a manager she is just my 'right-hand lady.'"

20.     Plaintiff asked Leslie what that meant, and she replied "See if you prayed with us you would know what that means. You're making it bad for yourself not praying with us."

21. On June 10, 2017, Plaintiff informed Leslie that the dishwashing machine does not have any hot water to clean the dishes.

22. A plumber was called in however, he was not able to fix the problem until Monday because parts needed to be ordered. Therefore, Plaintiff started to wash the dishes by hand.

23. Brian approached Plaintiff and stated, "Matt, you look mad man, let's pray together." Plaintiff responded "Do you see this stack of dishes I have? If you want to do anything, start washing some dishes. I don't want to pray, I want to wash dishes."

24. Brian approached Plaintiff again, and stated, "Matt, you look mad man, let's pray together" and Plaintiff responded, "This is not church, I just want to be left alone to do my work."

25. Brian told Plaintiff that he is not "with God and that's why he is so sick."

26. A discussion between Brian, Leslie, and Plaintiff ensued over Plaintiff's lack of praying at work and Brian's preaching at work. Leslie threatened Plaintiff that the other cooks could do his job.

27. Leslie said, "since you don't pray you can go home. Labor costs are too high." Plaintiff asked if he was being terminated and Leslie responded, "No, but I need you to teach the cooks how to wash dishes before you go home."

28. Plaintiff asked for Defendant's corporate number so that he could call to express his concerns and, Leslie informed him that the corporate office was closed. Leslie also stated that Aaron, the District Manager, is her friend.

29. Based on Leslie's comments, Plaintiff felt that Aaron would not help, therefore he called and left a message for Isaac, the owner of the franchise. Isaac called back and told Plaintiff

that he is allowed to pray at work and asked him "if you are a Christian, why don't you pray? Why are you making a big deal?"

30. Plaintiff informed Isaac that he did not believe in their prayers, Isaac told him that he was in Arizona and couldn't do anything about it and that he would have to talk to Aaron.

31. Isaac said Plaintiff should just pray as it is not against the law and because he is a Christian. Isaac said that he could not do anything about the situation because praying was legal and that he would not come all the way "out there" to help Plaintiff with the situation. Further, Issac informed Plaintiff that Leslie was friends with Aaron and Issac was concerned that Aaron was bias.

32. On June 16, 2017, Leslie approached Plaintiff and told him that she and Aaron needed to speak with him. Aaron did not want to talk to Plaintiff in front of the security camera, therefore they went outside to the back of Defendant's store. Plaintiff addressed his concerns about the situation and his lack of a raise. Aaron stated that Plaintiff was given a raise, however, his paycheck never reflected that raise.

33. On June 30, July 1, and July 2, 2017, Plaintiff ordered food through the online system, however, Brian and Brian's wife refused to make Plaintiff's food orders even though he paid for the orders.

34. On June 2, 2017, a newly hired dishwasher, Mario, informed Plaintiff that Brian's wife told him that he does not do his job properly.

35. On July 1, 2017, Plaintiff contacted corporate as he wanted to have a meeting with a representative from corporate to address the work environment and retaliation that he had suffered for not praying with the prayer group.

36. To date, Plaintiff has not been contacted about his request and he has not been back to work as he does not feel comfortable returning to work.

## V. Causes of Action

### COUNT I
### Religious Discrimination in Violation of Title VII

37. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

38. Defendant constitutes an employer within the meaning of Title VII.

39. Plaintiff was an employee of Defendant within the meaning of Title VII.

40. Plaintiff was discriminated based on his religion by the Defendant in the following ways:

   a. Plaintiff was constantly harassed by Brian and other coworkers to pray with the other employees in the prayer group despite his constant protests.

   b. Plaintiff was not provided assistance by managers when he voiced his concerns.

   c. Brian would express to Plaintiff that homosexual men are going to hell and that Plaintiff is "too soft," isn't a "real man," and that "real men are not quiet" like Plaintiff. Plaintiff is a bisexual man and believes that Brian thought he was a homosexual man.

   d. Plaintiff sent home by Brian's wife, a cook, because "labor costs were too high." Leslie then informed Plaintiff that he was being sent home because he does not pray with the prayer group and that if he did, the work environment would improve.

   e. On June 10, 2017, Plaintiff informed Leslie that the dishwasher did not have any hot water and began hand washing the dishes. Brian approached Plaintiff and stated, "Matt, you look mad man, let's pray together." Plaintiff responded "Do you see this stack of dishes I have? If you want to do anything, start washing some dishes. I don't want to pray, I want to wash dishes." Brian approached Plaintiff again, and stated, "Matt, you look mad man, let's pray together" and Plaintiff responded, "This

      is not church, I just want to be left alone to do my work." Brian then told Plaintiff that he is not "with God and that's why he is so sick."

    f.   Plaintiff called and left a message for Isaac, the owner of the franchise. Isaac called back and told Plaintiff that he is allowed to pray at work and asked him "if you are a Christian, why don't you pray? Why are you making a big deal?"

    g.   Leslie said to Plaintiff, "since you don't pray you can go home. Labor costs are too high." Plaintiff asked if he was being terminated and Leslie responded, "No, but I need you to teach the cooks how to wash dishes before you go home."

41.    Plaintiff made numerous complaints to Supervisors about his treatment on the basis of his religious views. No investigations to his knowledge were taken.

42.    Plaintiff was subsequently terminated.

43.    Plaintiff believes, and therefore avers, that he was terminated on the basis of his religion as he was harassed for not wanting to perform prayer while at work, for not praying despite being a Christian, and was later retaliated against by his managers for not praying with the other employees.

44.    As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

                                              Respectfully Submitted,

                                              */s/ Sean L. Ruppert*
                                              **Sean L. Ruppert, Esq.**
                                              PA ID No. 314380
                                              **KRAEMER, MANES &**

**ASSOCIATES LLC**
US Steel Tower, 48th Floor
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0237 Facsimile
sr@lawkm.com